UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN "JACK" GLADISH,

       Plaintiff,

     v.

WERNER CO., et al.,

       Defendants.

_____/

NO.  CIV. S-11-0932 KJM JFM

<u>STATUS (PRETRIAL SCHEDULING)
ORDER</u>

JOHN "JACK" GLADISH,

       Plaintiff,

     v.

LOWE'S COMPANIES, INC.,
DOES 1 to 100, inclusive,

       Defendants.

_____/

NO.  CIV. S-11-1979 KJM JFM

     An initial scheduling conference was held in this case on December 7, 2011; Mark Nelson appeared telephonically for plaintiff; Michael Terhar appeared telephonically for defendant.  Having reviewed the parties' Joint Status Report filed on August 29, 2011, and discussed a schedule for the case with counsel at the hearing, the court makes the following orders:

/////

/////

I.    SERVICE OF PROCESS

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.    ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.  *See* FED. R. CIV. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

/////

III.    JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332.  Jurisdiction and venue are not disputed.

IV.    DISCOVERY

Initial disclosures as required by Federal Rule of Civil Procedure 26(a) shall be completed within forty five days.  All discovery shall be completed by **May 15, 2012**.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.

V.    DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **March 8, 2012, for plaintiff; April 9, 2012, for defendant**.  The designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).  By **May 7, 2012**, any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject.  The

supplemental designation shall be accompanied by a written report which shall also comply with the conditions as stated above.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and © that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).  Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.  All expert discovery shall be completed by May 15, 2012.

VI.   MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **June 22, 2012.**  The parties may
/////

3

obtain available hearing dates by calling Casey Schultz, the Courtroom Deputy, at (916) 930-4193.

All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

      (a)     The opposition and reply must be filed by 4:00 p.m. on the day due; and

      (b)     When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday.

Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651, 652-53 (9th Cir. 1994).

The court places a page limit of twenty (20) pages on all moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the motion.

The parties are reminded that a motion *in limine* is a pretrial procedural device designed to address the admissibility of evidence.  The court will look with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions *in limine*.

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

VII.    FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **August 16, 2012**, at 11:00 a.m.  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

/////

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  The parties shall confer and  file a joint pretrial conference statement by **July 26, 2012**.  The provisions of Local Rule 281 shall apply with respect to the matters to be included in the joint pretrial statement.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with a plain, concise statement that identifies every non-discovery motion tendered to the court and its resolution.

Failure to comply with Local Rule 281, as modified by this order, may be grounds for sanctions.

Concurrently with the filing of the Joint Final Pretrial Conference Statement, counsel shall submit to chambers the word processing version of the statement, in its entirety (including the witness and exhibit lists) to:  kjmorders@caed.uscourts.gov.

The parties shall, in a concise manner, jointly identify only undisputed core facts separately that are relevant to each claim.  Disputed core facts should then be identified in the same manner.  The parties are reminded not to identify every fact in dispute but only those disputed facts that are essential to the formulation of each claim.  Each disputed fact and undisputed fact should be separately numbered or lettered.  Where the parties are unable to agree what are the core disputed facts, they should nevertheless list core disputed facts in the above manner.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a party's motion *in limine*.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

The parties shall prepare a joint statement of the case in plain concise language which will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 281 they are required to attach to the Final Pretrial Conference Statement an exhibit listing  witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered.  The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink for plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ".  However, if the amount of  defendant exhibits exceeds "ZZ" exhibits shall be then listed as A-3, A-4, A-5 etc.  All multi page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.  In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first identified</u>.  The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.  The parties are encouraged to consult concerning exhibits and, to the extent possible, provide joint exhibits, which shall be designated as JX and listed numerically, e.g., JX-1, JX-2.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Counsel shall produce all trial exhibits to Casey Schultz, the Courtroom Deputy, no later than 3:00 p.m. on the Friday before trial.

Discovery documents to be listed in the pretrial statement shall not include documents which will be used only for impeachment and in rebuttal.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and © the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.[1]  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

VIII.   TRIAL SETTING

The trial is set for **September 24, 2012**, at 1:30 p.m..  The parties estimate a trial length of approximately five to seven days.  Trial briefs are due by **September 10, 2012**.

IX.   SETTLEMENT CONFERENCE

No settlement conference is currently scheduled.  A settlement conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request.  In the event that an earlier settlement conference date or referral to the Voluntary Dispute Resolution Program (VDRP) is requested, the parties shall file said request jointly, in writing.  The parties advised the court they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at any Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven (7) calendar days before the Settlement Conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement.  Such statements are neither to be filed with the Clerk nor served on opposing counsel.  Each party,

/////

---

[1] "If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.*, 770 F.2d 866, 868-69 (9th Cir. 1985).

1   however, shall serve notice on all other parties that the statement has been submitted.   The

2   parties have waived any conflict to the undersigned serving as settlement judge.

3   X.  OTHER MATTERS

4          The parties notified the court of a related case, just removed from Stanislaus

5   County Superior Court to the Fresno Division of this court.  The case, *Gladish v. Lowe's*

6   *Companies, Inc*., Civ. No. F-11-1979 AWI SKO, involves the same product and injury as alleged

7   in this case.  Accordingly, the assignment of these matters to the same judge is likely to effect a

8   substantial savings of judicial effort and is likely to be convenient for the parties.  The parties

9   agreed that the same schedule can apply to each case.

10          The parties should be aware that relating cases under Rule 123 causes the actions

11   to be assigned to the same judge – it does not consolidate the actions.  Under Rule 123, related

12   cases are generally assigned to the judge and magistrate judge to whom the first filed action was

13   assigned.

14          As a result, it is hereby ORDERED that CIV No. F-11-1979 AWI SKO, is

15   reassigned from Judge Ishii  to the undersigned and from Magistrate Judge Oberto to Magistrate

16   Judge Moulds.  Henceforth, the caption on documents filed in the reassigned case shall be shown

17   as: CIV No. S-11-1979 KJM JFM.

18          It is further ORDERED that the Clerk of the Court make appropriate adjustment

19   in the assignment of civil cases to compensate for this reassignment.

20          The parties have also notified the court that depending on further inquiries

21   plaintiff may dismiss both cases.  The parties are directed to notify the court within thirty days if

22   the cases will be dismissed.

23   XI.  MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

24          The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil

25   Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court

26   upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not

27   constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or

28   counsel does not constitute good cause.

1    XII.    OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

2          This Status Order will become final without further order of the court unless objections

3    are filed within fourteen (14) *calendar* days of service of this Order.

4          IT IS SO ORDERED.

5    DATED:  December 14, 2011.

6

7                                                    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                9